d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STERLING J. BLADE, Plaintiff | CIVIL DOCKET NO. 1:17-CV-00671 |
| VERSUS | JUDGE DRELL |
| JODY FLOYD, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (Doc. 59) filed by Defendants Jody Floyd and James K. Deville (collectively, "Defendants"). Plaintiff Sterling J. Blade ("Blade") opposes the Motion. (Doc. 62). Defendants claim that Blade has made misrepresentations to this Court about the history of his prior civil lawsuits. As a penalty for those misrepresentations, Defendants seek dismissal of this lawsuit. Blade claims that he recounted his litigation history to the best of his recollection, and that transfers, medical issues, and alleged harassment by prison officials have all made it difficult for him to prosecute this lawsuit.

I.  Background

Blade has filed the following lawsuits in this Court: (1) Blade v. Keith, *et al.*, No. 1:12-cv-01995 (the "Keith Lawsuit"); (2) Blade v. Deville, *et al.*, No. 1:17-cv-00648 (the "Deville Lawsuit"); (3) Blade v. Floyd, *et al.*, No. 1:17-cv-00671 (this lawsuit); and (4) Blade v. Unknown Defendants, No. 3:18-cv-00697 (the "Unknown Defendants Lawsuit"). Defendants argue that Blade has made several misrepresentations – specifically, omissions – in these lawsuits regarding his litigation history.

Defendants' argument places two standard forms at issue. The forms are commonly used by *pro se* prisoners in civil rights cases, and both are filed with the Court as sworn documents. The first is a "Complaint" form that requires a prisoner to provide details regarding any past or current lawsuits or appeals. The second is an "Application to Proceed In Forma Pauperis" form that require a prisoner to state whether he has filed any prior lawsuit that was dismissed as "frivolous, malicious, or failing to state a claim upon which relief may be granted" – in other words, dismissed so as to constitute a "strike" under 28 U.S.C. § 1915(g). The Application does not require a prisoner to identify pending litigation or dismissals which do not constitute a strike. Blade used versions of both forms in all four of his filings with this Court.

On July 25, 2012, Blade filed the Keith Lawsuit. The Court dismissed the Keith Lawsuit as frivolous on April 12, 2013. The United States Court of Appeals for the Fifth Circuit affirmed the dismissal on June 5, 2014. Further, the Fifth Circuit explicitly cautioned Blade that if he accumulated three strikes under 28 U.S.C. § 1915(g), he would not be allowed to proceed in forma pauperis absent imminent danger of serious physical injury. The dismissal of the Keith Lawsuit was Blade's first strike.

On May 16, 2017, Blade filed the Deville Lawsuit. In his Application, Blade accurately disclosed that the Keith Lawsuit had been dismissed as frivolous. Blade was allowed to proceed in forma pauperis. In his Complaint, Blade accurately disclosed the details of the Keith Lawsuit – though he did not specify it was dismissed as frivolous.

Three days later, on May 19, 2017, Blade filed this lawsuit. In his Application (Doc. 6), Blade again accurately disclosed that the Keith Lawsuit had been dismissed as frivolous. And again, Blade was allowed to proceed in forma pauperis. (Doc. 8). But in his Complaint (Doc. 1), Blade only listed the Keith Lawsuit, and failed to disclose that he had filed the Deville Lawsuit just days before.

On August 28, 2017, the undersigned recommended that the Deville Lawsuit be dismissed for failure to state a claim for which relief may be granted, but not as frivolous. The Court adopted that recommendation and dismissed the Deville Lawsuit on October 25, 2017. This dismissal was Blade's second strike under 28 U.S.C. § 1915(g).

On May 3, 2018, Blade filed the Unknown Defendants Lawsuit – his fourth and most recent lawsuit. Once again, in his Application, Blade disclosed that the Keith Lawsuit had been dismissed as frivolous. This time, however, Blade failed to disclose his second strike, the dismissal of the Deville Lawsuit in his Application. Blade was allowed to proceed in forma pauperis, as he would have been otherwise given the fact that he had not accumulated a third strike at that point. But Blade's omission was a misstatement. In his Complaint, however, Blade identified each of his prior lawsuits. He also stated – albeit loosely and briefly – that only this lawsuit was pending, and that he had lost records regarding the dispositions of his two other lawsuits.

On October 9, 2018, the Court dismissed the Unknown Defendants Lawsuit as frivolous. That dismissal was Blade's third strike.

And now, only this lawsuit remains. After filing his Application, Blade did not independently disclose the disposition of the Deville Lawsuit or the Unknown Defendants Lawsuit, although he was not asked to do so by the Court.

## II. Law and Analysis

Under 28 U.S.C. § 1915(g), a prisoner may not prosecute a lawsuit or appeal in forma pauperis "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Section 1915(g) is part of a statutory scheme "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S.Ct. 1759, 1762; 191 L.Ed.2d 803 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).

In analyzing a *pro se* litigant's submissions, a court must begin with the familiar principle of liberal construction: "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94; 127 S.Ct. 2197, 2200; 167 L.Ed.2d 1081 (2007) (internal citations and quotations omitted). But a *pro se* litigant's material misrepresentations regarding litigation history, including omissions, may warrant sanctions, including dismissal. Defendants cite as an example In re Wallace, CIV.A. 3:03-MC-32-R, 2003 WL 21509153, at *3 (N.D. Tex. Apr. 10, 2003), where a prisoner failed to disclose 11 prior

4

lawsuits – many of which had been dismissed as frivolous – on a standard complaint form. The court dismissed the lawsuit with prejudice, finding "such actions indicative of the malicious and vexatious conduct that the Prisoner Litigation Reform Act was promulgated to address," Id., 2003 WL 21509153, at *3.

Where a litigant's omissions are less pervasive, apparently intentional, or egregious, dismissal without prejudice is likely an appropriate sanction. See generally Jackson v. Florida Dep't of Corr., 491 Fed.Appx. 129, 132 (11th Cir. 2012) ("[D]ismissal of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, was proper.") (citing Rivera v. Allin, 144 F.3d 719, 731 (11th Cir.1998), abrogated on other grounds by Jones v. Bock, 549 U.S. 199; 127 S.Ct. 910; 166 L.Ed.2d 798 (2007)). But when such omissions "are not accidental, . . . dismissal with prejudice" may be "an appropriate sanction." See, e.g., Hoskins v. Dart, 633 F.3d 541, 543 (7th Cir. 2011). Thus, this Court has previously declined to impose sanctions upon finding that a prisoner's omissions regarding his litigation history were unintentional, and has instead imposed a warning that sanctions would be imposed for any future omissions or misstatements. See, e.g., Moses v. GEO, 17-CV-1595, 2018 WL 1354068, at *2 (W.D. La. Mar. 14, 2018).

Here, Blade's filings among his four lawsuits before this Court do contain several material omissions. Specifically, Blade: (1) failed to specify in any subsequent Complaint that the Keith Lawsuit was dismissed as "frivolous"; (2) failed to list the Deville Lawsuit in his Complaint in this lawsuit; (3) failed to disclose his second

strike (the dismissal of the Deville Lawsuit) in his Application in the Unknown Defendants lawsuit. Even cast in the worst possible light, Blade's omissions pale in comparison to the clear pattern of deceit described in the <u>Ware</u> decision above. Defendants acknowledge as much. But the Court finds that this case is also distinguishable from others in which "intent" or other egregious or prejudicial conduct warranted sanctions.[1]

Each of Blade's omissions was, for lack of a better term, "mitigated" by some adjoining circumstance. As to his first omission, Blade was neither specific nor articulate in describing his litigation history in his Complaints. But the Complaint form did not required Blade to specify that a prior lawsuit was dismissed as "frivolous." The Application form requires that detail. As to his second omission, Blade offers no specific explanation for failing to identify the Deville Lawsuit in his Complaint in this lawsuit. Given their proximity in time, Blade could offer little explanation that would seem reasonable. But there is also no evidence that Blade intended to conceal the previous lawsuit. Nor is there an apparent motive for having done so – the Deville Lawsuit was not a strike when Blade filed this lawsuit. It is, therefore, just as possible that Blade simply erred. And as to his third omission, it seems relatively clear that Blade erred, rather than intentionally concealed, his

---

[1] The Court notes that Blade neither benefited from, nor prejudiced Defendants by, any of his omissions. This is certainly not to say that the Court would overlook an omission depending upon its consequences. To the contrary, the Court views any misrepresentation or omission – including Blade's – as a basis for potential sanctions, including dismissal. Rather, the Court simply notes that corrective measures – as a sanction or as a basis for sanctions – are unnecessary, because Blade would not have been barred before this point, and Defendants would not have been impacted had Blade included his full litigation history each time he should have.

second strike. Although missing from his Application, Blade referenced his second strike in his Complaint, which was filed before the Application.

Moreover, Blade offered some explanation for the omissions. Without evidence, the Court gives little or no weight to Blade's claims that he has been harassed by prison officials to the detriment of his pleadings. But Blade does state that he has been transferred between institutions, has lost paperwork in the process, has thus been forced to rely upon his memory in large measure, and has stated his litigation history to the best of his ability as a *pro se* litigant. While far from comprehensive or satisfying, this explanation is, at a minimum, plausible. And it comports with Blade's Affidavit statement in the Unknown Defendants Lawsuit that he had lost paperwork.

### III. Conclusion

Because the circumstances do not clearly reflect that Blade intentionally omitted portions of his litigation history in his filings, because other aggravating circumstances are not present, and because "'[t]he imposition of a sanction without a prior warning is generally to be avoided,'" Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (quoting Moody v. Baker, 857 F.2d 256, 258 (5th Cir. 1988));

IT IS RECOMMENDED that the Motion to Dismiss (Doc. 59) filed by Defendants Jody Floyd and James K. Deville be DENIED.

IT IS FURTHER RECOMMENDED, however, that the Court specifically warn Plaintiff that any future misrepresentations or omissions in filings may warrant the imposition of sanctions, including dismissal.

IT IS FURTHER RECOMMENDED that Plaintiff Sterling J. Blade be added to the "three strikes list" for purposes of any future filings or applications to proceed in forma pauperis, given his accumulation of three strikes under 28 U.S.C. § 1915(g).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 27th day of November 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE